UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **ALDO RAY** | : | **DOCKET NO. 17-cv-747** |
|     **DOC # 355823** | | **SECTION P** |
| **VERSUS** | : | **UNASSIGNED DISTRICT JUDGE** |
| **LOUISIANA DEP'T OF SAFETY** | | |
| **& CORRECTIONS** | : | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the court is the petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by pro se petitioner Aldo Ray. Ray is an inmate in the custody of the Louisiana Department of Public Safety and Corrections, and is currently incarcerated at Raymond Laborde Correctional Center in Cottonport Louisiana. This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this court.

As we advised Ray in our amend order, the proper respondent in a habeas petition challenging present physical confinement is the warden of the facility where the petitioner is being held. *E.g.*, *Rumsfeld v. Padilla*, 124 S.Ct. 2711, 2718 (2004). Thus, the proper respondent in this matter is not the Louisiana Department of Public Safety and Corrections but instead W.S. McCain, the warden of Raymond Laborde Correctional Center. Ray failed to correct this error in his response to our amend order. *See* doc. 12. Accordingly, **IT IS RECOMMENDED** that the Louisiana Department of Public Safety and Corrections be dismissed as a party from this action and that W.S. McCain be substituted as the proper respondent.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to

file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 28th day of December, 2017.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE