UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **ALTON RAY** : | **DOCKET NO. 2:17-cv-0747** |
| D.O.C. # 599637 | **SECTION P** |
| **VERSUS** : | **UNASSIGNED DISTRICT JUDGE** |
| **W.S. McCAIN** : | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Alton "Aldo" Ray, who is proceeding pro se in this matter. Ray is an inmate in the custody of the Louisiana Department of Public Safety and Corrections and is currently incarcerated at the Raymond Laborde Correctional Center in Cottonport, Louisiana. W.S. McCain, warden of that facility and respondent in this matter, opposes the petition and Ray has filed a reply. Docs. 21, 27. Accordingly, the matter is now ripe.

This petition is referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of the court. For the following reasons **IT IS RECOMMEDED** that the petition for writ of habeas corpus be **DENIED** and **DISMISSED WITH PREJUDICE** as time-barred under 28 U.S.C. § 2244(d).

I.
BACKGROUND

*A. Conviction*

On February 1, 2011, in the Thirtieth Judicial District Court, Vernon Parish, Louisiana, Ray was charged by bill of information with two counts of molestation of a juvenile, a violation

of Louisiana Revised Statute § 14:81.2(A)(1), or in the alternative, two counts of sexual battery of a juvenile, a violation of La. Rev. Stat. § 14:43.1. Doc. 22, att. 1, p. 38. After a one-day bench trial on January 11, 2012, Ray was acquitted on the first count and convicted of sexual battery on the second count. Doc. 22, att. 6, pp. 6–8. Ray made a motion and amended motion for a new trials [doc. 22, att. 3, pp. 1–2, 6], and the court denied same after a hearing. *Id.* at 9; *see* doc. 22, att. 6, pp. 12–18 (hearing transcript). Ray was then sentenced on June 12, 2012, to a twenty-five year term of imprisonment, the minimum required by law, without benefit of probation, parole, or suspension of sentence. Doc. 22, att. 1, p. 14; doc. 22, att. 3, pp. 20–22. He filed a motion to reconsider sentence, which was summarily denied without a hearing. Doc. 22, att. 3, pp. 11–12.

### B. Direct Appeal

Through counsel, Ray raised the following assignments of error in the Louisiana Third Circuit Court of Appeal:

1. The evidence introduced at trial was insufficient to support his conviction for sexual battery.

2. The trial court failed to confirm whether Ray had knowingly and voluntarily waived his right to jury trial.

3. The trial court imposed a constitutionally excessive sentence.

4. The trial court erred in failing to consider the mitigating circumstances in the case, which require deviation from the mandatory minimum imposed by state law.

Doc. 23, att. 1, pp. 46–62. After receiving a response from the state, the Third Circuit found no merit to the above claims and affirmed Ray's conviction and sentence in a ruling issued on May 1, 2013.[1] *State v. Ray*, 157 So.3d 13 (La. Ct. App. 3d Cir. 2013). Ray did not seek review from the

---

[1] The Third Circuit also conducted an errors patent review and noted that the state had erred by (1) charging Ray with molestation and sexual battery in the alternative, despite lacking the statutory authority to do so and (2) failing to sufficiently inform Ray of the time for seeking post-conviction relief. *Ray*, 157 So.3d at 15. Because the defense had not filed a motion to quash the indictment, however, the court found no basis for relief on the first error. *Id.* On the second error, it remanded the case to the trial court with instructions to provide Ray with written notice of the time

Louisiana Supreme Court or file a petition for writ of certiorari in the United States Supreme Court. Doc. 1, pp. 2–3.

### C. *State Collateral Review*

Ray filed a pro se application for post-conviction relief in the trial court on July 18, 2013, raising a claim of ineffective assistance of counsel.[2] Doc. 24, att. 2, pp. 26–35. That application was denied by the trial court on May 28, 2014, for "failure to state a cause of action." *Id.* at 26. There is no record that Ray ever sought review in the Third Circuit or Louisiana Supreme Court of the trial court's decision, and Ray does not dispute the respondent's assertion that he halted his first application after the trial court's denial.

Ray next filed a second application for post-conviction relief in the trial court on November 10, 2014. Doc. 24, att. 1, pp. 49–61. He raised three claims: (1) trial court failed to ascertain whether he had waived his rights to a jury trial; (2) indictment placed him in double jeopardy by charging him with sexual battery and molestation for the same conduct; and (3) ineffective assistance of counsel. *Id.* at 56. The trial court denied each claim on the merits by judgment filed on January 26, 2015. *Id.* at 47–48. Ray sought review in the Third Circuit, which denied same on May 5, 2015, stating that it found no error to the trial court's ruling. Doc. 23, att. 1, p. 1. He then sought review in the Louisiana Supreme Court, which denied same on February 5, 2016. *State ex rel. Ray v. State*, 183 So.3d 1287 (La. 2016). That court found that his claims were "repetitive and/or unsupported" and that he thus could show no error to the trial court's ruling. *Id.* It also stated that Ray had now fully litigated his application for post-conviction relief in the state courts and would only be allowed to pursue a successive application if he met the narrow circumstances

---

limits for seeking post-conviction relief within ten days. *Id.* at 20. The trial court complied on May 6, 2013. Doc. 24, att. 3, p. 28.

[2] For pro se filings by an inmate, this court uses the date that the pleading was surrendered for mailing, if available, as the date of filing. If that date is not provided, we look to the date that the pleading was received by the court.

set out in Louisiana Code of Criminal Procedure article 930.4 and did so within the limitations period set forth in article 930.8. *Id.*

While his second application was still pending before the Third Circuit, however, Ray had already filed a third application for post-conviction relief in the trial court on March 16, 2015. Doc. 24, att. 1, pp. 22–26. There he claimed that he had been denied due process of law because the bill of information on which he had been convicted had not been properly filed. *Id.* The trial court denied this application summarily on March 19, 2015. *Id.* at 23. Ray sought review in the Third Circuit, which denied same on September 3, 2015, finding no error to the trial court's ruling. Doc. 23, att. 2, p. 11. Ray then sought review in the Louisiana Supreme Court, which denied same on October 17, 2016, and specifically noted that Ray had shown "no prejudice resulting from any defect in the charging document. *See* La. C. Cr. P. art. 930.4(B)." *State ex rel. Ray v. State*, 202 So.3d 477 (La. 2016).

### D. Federal Habeas Petition

The instant petition was filed in this court on May 23, 2017. Doc. 1. Ray renews his claim of ineffective assistance of counsel and disputes any procedural denials of his state applications for post-conviction relief. Doc. 1, att. 2. He also appears to raise a new claim of violation of his rights under the Confrontation Clause. Doc. 1, att. 4.

## II.
## LAW & APPLICATION

### A. Timeliness standards for § 2254 petitions

Federal law imposes a one-year limitation period within which persons who are in custody pursuant to the judgment of a state court may seek habeas review in federal court. 28 U.S.C. § 2244(d)(1). This period generally runs from the date that the conviction becomes final. *Id.* The

time during which a properly-filed application for post-conviction relief is pending in state court is not counted toward the one-year limit. *Id.* at § 2244(d)(2); *Ott v. Johnson*, 192 F.3d 510, 512 (5th Cir. 1999). However, any lapse of time before proper filing in state court *is* counted. *Flanagan v. Johnson*, 154 F.3d 196, 199 n. 1 (5th Cir. 1998).

A state application is considered pending both while it is in state court for review and also during intervals between a state court's disposition and the petitioner's timely filing for review at the next level of state consideration. *Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir. 2001). The limitations period is not tolled, however, for the period between the completion of state review and the filing of the federal habeas application. *Rhines v. Weber*, 125 S.Ct. 1528 (2005). Accordingly, in order to determine whether a habeas petition is time-barred under the provisions of §2244(d) the court must ascertain: (1) the date upon which the judgment became final either by the conclusion of direct review or by the expiration of time for seeking further direct review, (2) the dates during which properly filed petitions for post-conviction or other collateral review were pending in the state courts, and (3) the date upon which the petitioner filed his federal habeas corpus petition.

In addition to the statutory tolling above, § 2244(d)'s one year time limit is subject to equitable tolling. *Holland v. Florida*, 130 S.Ct. 2549, 2560–2561 (2010). In order to receive this benefit, the petitioner must show that he has exercising his rights diligently and that some rare and exceptional circumstance beyond his control prevented timely filing of the petition. *Id.* at 2562. A petitioner's pro se status does not provide a basis for equitable tolling because it is not a rare and exceptional circumstance but instead one typical of those bringing § 2254 petitions. *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000).

*B. Application*

Ray's conviction became final on June 1, 2013, when his time for filing a writ application to the Louisiana Supreme Court from the Third Circuit's decision on his direct appeal expired. *See* La. Sup. Ct. R. X, § 5. Accordingly, **47 days** accrued against § 2244(d)'s one year time limit before he filed his application for post-conviction relief in the trial court on July 18, 2013.

The Fifth Circuit and numerous other circuit courts have concluded that, even if the petitioner does not actually seek review of the lower court's decision denying post-conviction relief, he is still entitled to statutory tolling for the period in which he *could* have done so. *Williams v. Cain*, 217 F.3d 303, 309–310 (5th Cir. 2000); *Holbrook v. Curtin*, 833 F.3d 612, 616–18 (6th Cir. 2016); *Cramer v. Sec'y, Dep't of Corr.*, 461 F.3d 1380, 1383 (11th Cir. 2006); *but see Maes v. Chavez*, 792 F.3d 1132, 1135 (9th Cir. 2015), cert. denied, 136 S.Ct. 258 (2015) (no statutory tolling for time in which state prisoner could have sought review of state court's denial of post-conviction relief, if prisoner did not actually proceed to a higher state court). In this matter, Ray did not seek review of the district court's denial of relief on his first application for post-conviction relief, on May 28, 2014. There is no right of appeal from a denial of post-conviction relief and the proper procedure is instead a supervisory writ. *State v. Wilson*, 207. So.3d 1196, 1199 (La. Ct. App. 5th Cir. 2016); *see* La. C. Cr. P. arts. 912.1(C) and 930.6. Under the Louisiana Uniform Rules of the Courts of Appeal, such a writ application must be filed within thirty days of the judgment. U.R.C.A. Rule 4–3. Accordingly, Ray's statutory tolling for his first application for post-conviction relief extends until June 27, 2014. He therefore accrued an additional **136 days** against his limitations period before filing his second application for post-conviction relief on November 10, 2014.

Tolling resumed with Ray's second and third applications for post-conviction relief. Even though the court cited Louisiana Code of Criminal Procedure Article 930.4(B), which states that the court shall deny relief based on a claim that could have been raised in a prior proceeding, it made specific reference to the claim's lack of merit. We also note that neither of the lower courts rejected the claim on procedural grounds and that Ray had begun pursuing his third application before the Louisiana Supreme Court's warning, in ruling on his second, that any subsequent applications would be deemed successive unless he could meet an exception to Article 930.4. Accordingly, the citation to Article 930.4 in the final state court ruling is not enough to deem the third application improperly filed during any of its pendency and Ray is instead entitled to statutory tolling until the denial of that application on October 17, 2016. He therefore accrued an additional **218 days** towards his one-year limit before he filed this petition on May 23, 2017.

Even with the statutory tolling above, Ray has accrued a total of **401 days**. Accordingly, as the respondent points out, this matter is untimely under § 2244(d). Ray offers no basis for equitable tolling of the limitations period. To the extent that his assertions that counsel prevented him from introducing exonerating evidence can be understood as a claim of actual innocence to excuse the habeas statute of limitations, *McQuiggin v. Perkins*, 133 S.Ct. 1924 (2013), they do not meet the "demanding" standard set forth in *Schlup v. Delo*, 115 S.Ct. 851 (1995). Under *Schlup*, a petitioner must support his claim of actual innocence claim with "**new** reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 115 S.Ct. at 865 (emphasis added). Ray relies on defenses he allegedly raised to his trial counsel and which trial counsel declined to present. Doc. 1, att. 4. Although he provides several names of individuals who could support his claim, he provides no affidavits or other evidence to show what their testimony would be, much less that

they have come forward and provided some "new" evidence to excuse his compliance with the statute of limitations above. Accordingly, his actual innocence claim fails.

Ray also generally asserts that he is entitled to excuse from any procedural default of his ineffective assistance claims under *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), and *Trevino v. Thaler*, 133 S.Ct. 1911 (2013). In *Martinez*, the Court held that the procedural bar applied to a petitioner's ineffective assistance claim for failure to raise it in his first application for post-conviction relief could be excused when petitioner was represented by counsel during the first application and could show that counsel had been ineffective for failing to raise the claim at that stage because that was the only proceeding in which an ineffective assistance claim could be brought under state law. 132 S.Ct. at 1315–19. In *Trevino*, the Court extended *Martinez* to habeas petitioners in Texas, where the law does not bar ineffective assistance claims on direct appeal, but in practice meaningful review of such claims is confined to collateral review. 133 S.Ct. at 1921.

Similar to *Martinez* and *Trevino*, an attorney's error may qualify as grounds for equitable tolling of § 2244(d)'s statute of limitations, as long as the petitioner can show that he acted with the requisite diligence when not hindered by counsel's inadequate representation. *Manning v. Epps*, 688 F.3d 177, 183–86 (5th Cir. 2012). In this matter, Ray was proceeding pro se throughout his post-conviction proceedings and is also pro se in this matter. The untimeliness of this matter arises from all the time that accrued after his direct appeal and, most significantly, between completion of his state post-conviction relief and filing of this petition. He shows no basis for excusing the untimeliness of his petition. He is therefore barred from proceeding with this matter.

### III.
#### CONCLUSION

Based on the foregoing, **IT IS RECOMMENDED** that the instant petition be **DENIED** and **DISMISSED WITH PREJUDICE** as time-barred under 28 U.S.C. § 2244(d).

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

In accordance with Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. *See* 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS DONE AND SIGNED in Chambers this 11th day of June, 2018.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE